## The St. Louis and Cairo Railroad Company

### *v.*

## The East St. Louis and Carondelet Railway Company.

139  401
150  484
139  401
 47a 422
139  401
163  446

*Filed at Mt. Vernon November 4, 1891—Rehearing denied Nov. 20, 1891.*

1. Evidence—*showing right of purchaser under foreclosure to collect rent under lease made by mortgagor.* Where a railway company seeks to recover rent for the use of a railway track under a lease given by its predecessor to the defendant, the orders, deeds and records in a foreclosure suit, showing a transfer of the rights, property and franchise of the lessor, are properly admissible on the part of the plaintiff, as tending to show its right to recover under the lease, as the successor of the lessee.

2. Practice—*trial without jury—questions of law, how preserved.* Where a cause is tried by the court without a jury, and there is no error claimed in the admission or exclusion of evidence, questions of law as to the construction of a lease, and the right of the plaintiff to recover, can not be presented to this court except by the submission of propositions of law to the trial court.

3. Appeal—*reviewing the facts.* The affirmance of a judgment of the circuit court by the Appellate Court is conclusive as to the controverted questions of fact, and they are not open to review by this court.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. George W. Wall, Judge, presiding.

Messrs. Pollard & Werner, for the appellant.

Mr. A. S. Wilderman, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by the East St. Louis and Carondelet Railway Company, against the St. Louis and Cairo Railroad Company, to recover a balance claimed to be due for track rent for the use of plaintiff's railroad track. The declaration alleges that on the first day of December, 1883, the defendant was indebted to plaintiff in the sum of

26—139 Ill.

$8700 for the balance due for the rental and use, by defendant, of the railroad track and right of way of plaintiff from the junction of the railroad track of the defendant with the railroad track of plaintiff, near the city of East St. Louis, to the junction of said tracks at or near the village of East Carondelet, from the 12th day of December, 1881, to the 31st day of August, 1883, inclusive, which plaintiff had before then let to defendant, at its request, and for the use and rental of which the defendant promised to pay plaintiff the sum of $25 per day, by means whereof the defendant became liable to pay the said sum, etc. To the declaration the defendant pleaded the general issue, and a trial was had before the court, by agreement, without a jury, resulting in a judgment in favor of the plaintiff for $11,004.64, which, on appeal, was affirmed in the Appellate Court. It is not claimed that the trial court erred in its rulings on the admission or exclusion of evidence. No propositions of law were asked by counsel on either side, and none were held by the court.

Upon looking into the record it appears that evidence was introduced which tended to prove that on the 30th day of April, 1873, the Cairo and St. Louis Railroad Company leased of plaintiff, by contract in writing, the right to place a third rail on its railroad track from a point known as the South Junction to the North Junction, and to run its trains over the track for five years, and agreed to pay a rental of $25 per day. The Cairo and St. Louis Railroad Company at once commenced using the road under the lease, and continued the use thereof until the 6th day of December, 1877, when the company became embarrassed, and a receiver was appointed, who took possession of the property of the company, including the leased track. Several interviews were had between the receiver and appellee in regard to a reduction of the rent for the leased road, but no arrangement was consummated. The receiver, however, continued to use the track from the time he was appointed until February 1, 1882, and paid $333.33 per

month rent, taking a receipt showing that the money was received on account. On February 1, 1882, the property and franchises of the Cairo and St. Louis Railroad Company passed, by proper deed of conveyance, under prior foreclosure proceedings, to the St. Louis and Cairo Railroad Company, and the latter company entered upon and used this track from that date until September 1, 1883, and paid appellee the same monthly rent which had been paid by the receiver, which was received on account.

There is no controversy between the parties in regard to the fact that the appellant company occupied and used the track of appellee company from the 12th day of December, 1881, to August 31, 1883. Whether appellant occupied under the lease of April 30, 1873, at a rental of $25 per day, or whether it occupied under some other arrangement or understanding at a rental of $333.33 per month, or whether it occupied the leased track without any agreement having been made, were all questions of fact, which were proper for the consideration and determination of the circuit and Appellate Courts; but where the Appellate Court affirms the judgment of the circuit court on controverted questions of fact, the finding can not be reviewed, under our Practice act, in this court.

Several questions have been discussed in the briefs of appellant, but they were not raised in the circuit court by propositions of law submitted to the court, and hence they are not properly presented by this record. A construction of the lease, the sufficiency of the evidence to a recovery under the declaration, and other questions of law, might have been raised by submitting propositions of law to be held by the court, and the ruling of the court on the legal questions involved, had that course been pursued, would have arisen here. But that course was not pursued. As the record comes before us, questions of fact, only, are presented, which we can not consider.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Subsequently, upon a petition for rehearing, the following additional opinion was filed:

Per Curiam: In the decision of this case the fact was not overlooked, as is suggested in the petition for a rehearing, that counsel for appellant stated in his argument, as one of the points relied upon, "that all the orders, deeds and records put in evidence were incompetent and immaterial," but as no reason was given for this position, and as no argument whatever was made in its support, we were led to believe that no reliance was placed upon it. But if the point had been insisted upon in the argument, as we understand the record, the result would have been the same. The orders, deeds and records referred to were put in evidence for the purpose of connecting the St. Louis and Cairo Railroad Company with the contract of April 30, 1873, which was entered into by and between appellee and the Cairo and St. Louis Railroad Company, and for this purpose these documents were competent evidence. If the property and franchise of the Cairo and St. Louis Railroad Company, after the execution of the contract, passed by foreclosure proceedings to appellant, including its rights under the contract, it is too clear to admit of argument that appellant had the right to establish that fact, and as this evidence tended to establish the fact, its admission was proper for that purpose.

After a careful consideration of the petition for a rehearing, as we perceive no reason for disturbing the judgment, the petition will be denied.

*Petition denied.*